65 N.J. Super. 202 (1961)
167 A.2d 405
EDWARD McGAINEY, AN INFANT BY HIS GUARDIAN AD LITEM MARION McGAINEY AND JOSEPH McGAINEY AND MARION McGAINEY, PLAINTIFFS-APPELLANTS,
v.
JEAN Z. CABLE AND DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 1961.
Decided January 24, 1961.
*203 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Bertram J. Glassner argued the cause for appellants.
Mr. Jacques Glascoyne argued the cause for respondent Director of the Division of Motor Vehicles (Messrs. Shaw, Pindar, McElroy, Connell & Foley, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiffs appeal from a judgment of the Essex County District Court dismissing their complaint against the defendant, Director of the Division of Motor Vehicles.
The plaintiffs filed a brief only, without any appendix. That unwarranted violation of the rules of appellate practice should alone suffice to dismiss the appeal. R.R. 2:7-1 and 1:7-1(f). Were it not for the fact that the respondent included with his brief an appendix consisting only of a copy of the three-count, personal injury, negligence complaint and the short formal order of dismissal, there would be no appeal record before us. The order does not even specify the reason for the dismissal.
The complaint seeks damages against the defendants "in the alternative" for personal injuries allegedly sustained by the plaintiffs, Edward McGainey and Joseph McGainey, on October 25, 1958, when, as pedestrians on Bloomfield Avenue, Montclair, N.J., they were struck by an automobile operated in an allegedly negligent manner by the defendant, Jean Z. Cable, "or an unknown operator who left the scene of the accident." The count for the third plaintiff, Marion McGainey, mother of the infant plaintiff, Edward, is for the sums allegedly expended by her in an endeavor to treat and cure the injuries of her son.
The simple position of the plaintiffs is that they are uncertain whether they can prove that the defendant, Jean Z. *204 Cable, was the operator of the car which struck them. They believe that she was and admit that they identified her as the operator. They started a previous County district court action against her alone, but voluntarily dismissed it, when information from the Division of Motor Vehicles and defendant's answers to interrogatories, denying that she was the owner or operator, created doubt in their minds as to her responsibility. Hence, in their second action, they joined her and the Director as alternate defendants, on the theory that if they fail to establish the identity of Jean Z. Cable as the operator, they may obtain a judgment in the same action against the Director.
The trial court's order dismissing the complaint against the Director was proper, because the action against him was premature under the circumstances. N.J.S.A. 39:6-78 permits a suit against the Director for personal injuries in a "hit-and-run" case, where "the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained." The policy behind the statute is to allow suit against the Director, when the victim would otherwise be remediless. Corrigan v. Gassert, 27 N.J. 227 (1958). Here, the plaintiffs have obtained such information as to the responsibility of Jean Z. Cable as to have led them to make her a defendant to this action. Accordingly, they must first proceed to a judgment with respect to the defendant Cable, before they may proceed against the Director, unless pending the action they can show such unlikelihood of implication of Jean Z. Cable as would warrant impleading the Director under N.J.S.A. 39:6-80. Otherwise, the Director would be unduly required to appear in every case of doubtful identity. Depending upon the outcome of plaintiffs' suit against Jean Z. Cable, there may or may not be need for further proceedings hereafter against the Director.
Such a procedure of first requiring the injured to exhaust his remedy against the tortfeasor is also implicit in N.J.S.A. 39:6-79, which provides that where an adverse judgment is entered against the plaintiff on the issue of identity, *205 the plaintiff may then bring an action against the Director within three months from the date of entry of such judgment. This extended statutory time period within which to sue the Director should allay the adult plaintiff's fears that the two-year personal injury statute of limitations, N.J.S. 2A:14-2, will bar a possible subsequent suit against the Director, the injuries having been sustained on October 25, 1958.
Plaintiffs urge that our present liberal rules of practice permit this joinder of defendants in the alternative. They refer to R.R. 4:8-1, allowing relief in the alternative to be demanded; R.R. 4:31-1, permitting a plaintiff to join in his complaint as many claims as he may have against an opposing party; and R.R. 4:33-1, providing for joinder of defendants in the alternative or otherwise, where there are common questions of law or fact. These rules reflect the salutary policy of disposing of entire controversies, including all parties and issues, expeditiously and at one trial, if possible. Unnecessary fractionalization of cases is to be avoided.
But we cannot indulge the liberality of the rules here, because the statute granting permission to sue the Director requires compliance with the conditions precedent expressed therein. A perfectly justifiable public policy is implicit in the statute. This is that the injured party exhaust his remedy, not only by proceeding to judgment against "all such persons against whom the applicant might reasonably be considered as having a cause of action," but by attempting to satisfy the judgment against him by "all reasonable steps available" before having recourse to the fund. N.J.S.A. 39:6-71(b) (1) and (2). In any event, it is for the Legislature to amend the statute, if it so desires, to permit joinder of the Director, as an alternate defendant, in cases of doubtful identity. A proper sense of judicial restraint precludes our rewriting the law.
The judgment is affirmed.