79 N.J. Super. 171 (1963)
191 A.2d 75
MELVYN LEWIS, PLAINTIFF,
v.
RONALD D. ENGELHARDT, BERNARD ENGELHARDT, RALPH PERRUZZI AND NED PARSEKIAN, DIRECTOR OF MOTOR VEHICLES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 8, 1963.
*173 Mr. Robert J. Sussman for plaintiff (Messrs. Rubin, Dolgoff & Sussman, attorneys).
Mr. A. Leo Bohl for defendant, Ned Parsekian, Director of Motor Vehicles.
KOLOVSKY, A.J.S.C.
Defendant Director of the Division of Motor Vehicles moves to dismiss the complaint in an action instituted by plaintiff against him and against defendants Ronald D. Engelhardt, Bernard Engelhardt and Ralph Perruzzi
"upon the grounds that the first and second counts of the complaint do not state claims upon which relief may be granted against the said defendant, and that the action instituted against him is premature within the meaning and intent of the Unsatisfied Claim and Judgment Fund Law, and in respect to the first count, upon the further ground that it is a cause of action for injury to property (property damage) which cannot be maintained against the said defendant, within the meaning and intent of the Unsatisfied Claim and Judgment Fund Law."
The inartistically drawn complaint charges that the collision which caused plaintiff's injuries and property damage was caused by the negligent operation of three automobiles, one owned by defendant Bernard Engelhardt and driven by defendant Ronald Engelhardt, the second owned and driven by defendant Ralph Perruzzi, and the third "owned and operated by a person whose identity has not been established."
In joining the Director as a party defendant, plaintiff seeks the benefits provided by the sections of the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-78 et seq.) permitting *174 suit against the Director in "hit and run" cases in the circumstances and within the limitations therein prescribed.
But the benefit of those provisions is limited to cases of death or personal injury. The first count of the complaint seeks to recover property damages. It will be stricken as to the Director.
Nor does the second count of the complaint, seeking damages for personal injuries, state a claim for relief against the Director. To state a claim for relief, a complaint must "contain (a) a statement of the facts on which the claim is based showing that the pleader is entitled to relief * * *" (R.R. 4:8-1).
Under N.J.S.A. 39:6-78, to recover a judgment against the Director a plaintiff is required to prove, "upon the hearing of the action," and to state a claim for relief his complaint must allege, that he is a "qualified person" (N.J.S.A. 39:6-62) and that:
"(a) [He] has complied with the requirements of section 5 [of the Act, (N.J.S.A. 39:6-65, requiring notice of the accident and of intention to file a claim to be given to Fund Board within the time limited thereby)],
(b) [He] is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person,
(c) [He] was not at the time of the accident operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child, and was not operating a motor vehicle in violation of an order of suspension or revocation,
(d) [He] has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle,
(e) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established,
(f) The action is not brought by or on behalf of an insurer under circumstances set forth in paragraph (1) of section 10 [N.J.S.A. 39:6-70 (l)]."
*175 While the complaint herein alleges the existence of a cause of action against the operator of the "hit and run" automobile, it does not allege any of the other facts which must be shown to entitle plaintiff to relief against the Director under N.J.S.A. 39:6-78. The Director's motion must therefore also be granted as to the second count of the complaint.
However, permission should be granted to plaintiff to move, on a proper showing pursuant to R.R. 4:15-1, for leave to file an amended second count setting forth the necessary but presently omitted allegations.
The Director opposes granting such permission at this time, contending that no action may be maintained against the Director unless and until plaintiff is unsuccessful in his efforts to obtain a judgment against the alleged joint tortfeasors who are defendants in this action, the drivers and owners of the other two automobiles involved in the accident.
I cannot agree. The statute contains no such limitation on the right to sue the Director nor on the right to join as parties defendants the Director, as representative of the "hit and run" driver, and the other known joint tortfeasors. Indeed, that the Director may be impleaded as a party defendant to an action commenced against other alleged joint tortfeasors is implicit in N.J.S.A. 39:6-80 which provides:
"When an action has been commenced in respect of the death or injury of any person arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, the plaintiff shall be entitled to make the director a party thereto if the provisions of sections 18 or 19 [Sections 39:6-78, 39:6-79] shall apply in any such case, * * *."
McGainey v. Cable, 65 N.J. Super. 202 (App. Div. 1961), on which the Director relies, is not apposite. That was not a case where "the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained." On the contrary, plaintiff McGainey in that case believed he knew the identity of the motor vehicle and its driver, to wit, Cable, one of the defendants named in the action. Nevertheless, plaintiff *176 joined the Director as an alternative defendant in case he could not at the trial establish that Cable had been the driver.
But, as the court said in McGainey, that problem had been expressly anticipated and provided for by the Legislature in N.J.S.A. 39:6-79 which
"provides that where an adverse judgment is entered against the plaintiff on the issue of identity, the plaintiff may then bring an action against the Director within three months from the date of entry of such judgment. This extended statutory time period within which to sue the Director should allay the adult plaintiff's fears that the two-year personal injury statute of limitations, N.J.S. 2A:14-2, N.J.S.A., will bar a possible subsequent suit against the Director, the injuries having been sustained on October 25, 1958." (65 N.J. Super., at p. 204)
Hence the court held the joinder of the Director in that case premature, that plaintiffs
"must first proceed to a judgment with respect to the defendant Cable, before they may proceed against the Director, unless pending the action they can show such unlikelihood of implication of Jean Z. Cable as would warrant impleading the Director under N.J.S.A. 39:6-80. Otherwise, the Director would be unduly required to appear in every case of doubtful identity. Depending upon the outcome of plaintiffs' suit against Jean Z. Cable, there may or may not be need for further proceedings hereafter against the Director." (65 N.J. Super., at p. 204)
But the instant case is not one of doubtful identity (see Corrigan v. Gassert, 27 N.J. 227, 234) to which the extension of time to sue the Director granted by N.J.S.A. 39:6-79 would apply.
The identity of the alleged "hit and run" driver is unknown, and plaintiff must therefore institute suit within the two-year period provided by the statute of limitations applicable to actions for injury to the person (N.J.S. 2A:14-2). Plaintiff's failure to do so would be a defense available to the Director under the provisions of N.J.S.A. 39:6-81, which provides in part:
*177 "[The Director] shall for all purposes of the action be deemed to be the defendant. He shall have available to him any and all defenses which would have been available to said operator or owner or both if the action had been brought against them or either of them and process upon them or either of them had been duly served within this State, but he shall be entitled to defend in all cases without asserting any specific facts."
The fact that any judgment against the Director is to be reduced by any amount which the plaintiff has received from "any other person against whom he has a cause of action in respect of his damages for bodily injury" (N.J.S.A. 39:6-83, N.J.S.A. 39:6-70(m)) is irrelevant to the issue here presented. Similarly irrelevant is the fact that any amounts so collected or collectible are to be deducted before ordering the State Treasurer to make payment of the balance of the judgment out of the Unsatisfied Claim and Judgment Fund (N.J.S.A. 39:6-84, 39:6-71). Those questions will arise and be dealt with when and if application is made for an order for payment.
An order should be submitted striking the complaint as against the defendant Director, with permission to plaintiff to apply within 15 days, on notice to the Director, for leave, pursuant to R.R. 4:15-1, to file an amended second count on his making the showing required by N.J.S.A. 39:6-78.