79 N.J. Super. 194 (1963)
191 A.2d 182
DANIEL V. DIETZ, PLAINTIFF-APPELLANT,
v.
ROBERT MEYER AND CONSTANCE MEYER, DEFENDANTS, AND NED J. PARSEKIAN, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1963.
Decided May 16, 1963.
*195 Before Judges CONFORD, GAULKIN and KILKENNY.
*196 Mr. Sam Weiss argued the cause for appellant (Messrs. Brass & Brass, attorneys; Mr. Weiss, of counsel).
Mr. Jos. P. Dallanegra, Jr. argued the cause for respondent (Mr. Jos. P. Dallanegra, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The question here is whether the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq., and particularly section 39:6-78, permits one injured while a passenger in a car involved in an accident to join the Director of Motor Vehicles as a defendant, along with the operator of the car he was riding in, when he asserts that the accident was caused by the negligence both of the latter and of an unidentifiable operator of another motor vehicle. (The complaint does not expressly state that the identity of the other motor vehicle and owner thereof is unascertainable, as required by the cited section, but no point is made of this by the Director, and leave to amend should be granted if, as we assume, it was plaintiff's intention so to assert. If the identity of the other car or its owner was known, the action is subject to dismissal as to the Director. See Tinsman v. Parsekian, 65 N.J. Super. 217 (App. Div. 1961).) The Director moved for a dismissal as to himself as defendant on the ground that the statute contemplates exhaustion of plaintiff's remedies against other tortfeasors implicated before suing the Director as statutory respondent for the liability of the unknown driver. The motion was granted by the Law Division, primarily on the authority of McGainey v. Cable, 65 N.J. Super. 202 (App. Div. 1961). Plaintiff appeals.
The Unsatisfied Claim and Judgment Fund Law was adopted in 1952 for the primary purpose of affording some measure of relief to the victims of negligently operated automobiles where compensation was otherwise thwarted either by reason of lack of knowledge of identity of the tortfeasor (the typical "hit and run" case) or by his financial irresponsibility. Dixon v. Gassert, 26 N.J. 1 (1958). Running through the *197 scheme and structure of the statute, however, are measures to prevent actual payment out of the State Fund of any such claim unless a genuine cause of action has been established within the scope of the act and all other possible means for satisfying the claim are exhausted.
Ordinarily, as pointed out in Corrigan v. Gassert, 27 N.J. 227, 233, 234 (1958), "the statute embodies two distinct procedures to be pursued by a claimant who seeks to recover from the Fund. The procedure to be followed by a particular claimant depends upon whether or not the identity of the tortfeasor who inflicted the injury can be ascertained." If it can be, the negligence action itself is brought against the tortfeasor only, not the state official representing the Fund (the Director of Motor Vehicles). And if the judgment recovered therein is satisfactorily established to be uncollectible, application may be made to the court wherein judgment was entered for an order for payment out of the Fund up to the statutory maximum specified. Where, however, the victim has been injured by a "hit and run" driver and thus does not know whom to sue, other provisions of the statute, including section 39:6-78, apply, permitting the claimant to bring his action against the Director in the first instance. Even in such case, however, the judgment entered must be reduced by any amount received or recovered from any other person legally responsible for the damages arising from the same accident. N.J.S.A. 39:6-84. In other words, the general philosophy of the act is that whether the Director is sued in the first instance, as in a "hit and run" situation, or the Fund is proceeded against after an uncollectible judgment is recovered against a known operator, the Fund is only a secondary resource for relief of the claimant, and preliminary exhaustion of other means of satisfaction of the claimant's cause of action is contemplated.
The statute envisages that in an action against a known defendant it may eventuate that recovery will be denied on the sole ground that the injury was occasioned by an unknown operator. If so, the claimant may within three months after *198 a judgment incorporating that finding apply for leave to sue the Director as though under section 39:6-78. N.J.S.A. 39:6-79. Moreover, even after commencing an action against a known operator, if it thereafter appears that an unknown operator was also implicated, the Director may be impleaded as defendant. See N.J.S.A. 39:6-80.
The crucial question posed by the instant case, one not heretofore passed upon in any reported opinion by our courts, is whether the Director may be joined as a defendant under section 39:6-78 when plaintiff seeks to assert his claim against the operators of both of the two cars jointly involved in an accident, he being a passenger in one of the cars, one operator and car being unknown, the other (the car in which plaintiff was a passenger) known. The pertinent language of N.J.S.A. 39:6-78 is as follows:
"When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor against the director in any court of competent jurisdiction, but no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that "
So far as the face of the section is concerned, it does not purport to restrict the right to join the Director to such "hit and run" situations as do not involve the contributory participation in the accident of a known car and operator. Yet the Director argues here that it should be so construed in the light of the general scheme of the statute as calling for resort to all other remedies before seeking payment from the Fund. The flaw in the argument, however, is that it assumes that the mere joinder of the Director as a defendant means that if the trial of the action brings a verdict of liability *199 against the unknown operator or owner the Fund will necessarily be answerable forthwith even though the known operator (or owner) is also held liable. This by no means follows. It is clear to us that, in such event, reading the statute as an integrated whole, the court would be required, on application of the Director, either to withhold entry of judgment against him or withhold the order for payment by the treasurer out of the Fund (see N.J.S.A. 39:6-84) until there was first an exhaustion of efforts at collection of the verdict from the known operator. In the particular case at hand the Fund would have no cause for concern at all in the event of a verdict of joint liability and the existence of liability insurance on the known car. The implicit philosophy of the entire act would preclude resort to the Fund in respect of the implication of the unknown operator where insurance was available to make good the plaintiff's damages (up to the statutory maximum recovery) in respect of the liability of the known operator. If the known defendant were not insured, the court could and should, in our judgment, compel the plaintiff to attempt to make collection from that defendant by taking the steps specified in N.J.S.A. 39:6-70(b), (i), (j) and (k) and N.J.S.A. 39:6-71(b), before permitting payment out of the Fund because of implication of the negligence of the unknown operator in the accident.
The exhaustion of remedy sections of the statute just cited are as fully applicable in protection of the Fund where judgment has been recovered jointly against a known and unknown operator (the Director being a defendant because of the implication of the latter) as where the action involves only a known operator and an order for payment is sought against the Fund. This is so notwithstanding sections 39:6-70 and 39:6-71 are placed in the forepart of the statute, dealing with procedure upon judgment against known operators, rather than among the later sections, covering procedure in "hit and run" cases. The sense of the statute in this regard is to be garnered from its setting, purposes and objects, the literal import of particular statutory language and *200 provisions being subordinated to the reason and spirit of the statutory expression as a whole. Giles v. Gassert, 23 N.J. 22, 33-34 (1956); Douglas v. Harris, 35 N.J. 270, 281 (1961).
It is therefore plain that acceptance of plaintiff's position that he should be permitted to make the Director a codefendant in this action does not mean that the Fund is made vulnerable to a claimant who has not exhausted all available efforts to satisfy his damages from all other potential sources of compensation for his claim. This being so, and section 39:6-78 being reasonably susceptible on its face of a construction permitting joinder of the Director, it is our view that the interests of fairness to claimants and the promotion of modern concepts of efficient management of litigation conduce to the approval of that course in these circumstances.
Aside from the contingency of contributory negligence, which would of course bar plaintiff as against either defendant, plaintiff is entitled, as a passenger in one of the two cars involved in the accident, to recovery against one or both of the defendants as a matter of law. Only by a trial of the case against both defendants at one time, however, is he assured of such a result. If the Director were not permitted to be joined, he would not be bound by a verdict in a trial involving only the known defendant exculpating that defendant on the theory that the accident was caused solely by the driver of the unknown car. Cf. Minardi v. Nocito, 66 N.J. Super. 187, 193 (App. Div. 1961). And if, pursuant to section 39:6-79, the plaintiff then brought an action against the Director, and the fact-finder at that trial concluded that the accident occurred solely by reason of the negligence of the known operator, plaintiff would be entirely bereft of a remedy, contrary both to the established policy of liberal construction of this act to promote the remedy, see Giles v. Gassert, supra, 23 N.J., at p. 34, and to our modern practice philosophy of trial at one time of multiple claims arising out of the same event or transaction.
It seems apparent that the Legislature in drafting this act was not necessarily opposed to the idea of the Director's *201 being a co-defendant along with a known operator, as that very procedural posture is involved in section 39:6-80, mentioned above, permitting the impleading of the Director in a case where he was not originally joined as a defendant.
We do not find our recent holding in McGainey v. Cable, supra (65 N.J. Super. 202), relied upon by the Director, to militate against permitting the Director to be joined here. That case involved a claim of pedestrians who were injured by the operator of a single car. They had information that a named person was the operator of that car, but sought to join the Director along with the named operator as defendants on the basis of an assertion in the complaint, in the alternative, that the operator of the car was unknown. Our refusal to permit that course of procedure was simply on the basis that the contents of the complaint negated the satisfaction of the statutory requirement that "the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained." While we pointed out that should the trial eventuate in a finding that the identity of the car and the operator were unknown and that the accident was caused solely by the negligence of such unknown operator, plaintiff would still retain a remedy against the Director under section 39:6-79, the essence of the decision was that section 39:6-78 was not satisfied since the operator sued was a named person, not a person whose identity could not be ascertained. In the case at hand, on the contrary, the complaint (to be amended, if necessary, as indicated above) does charge the accident to have been caused by the negligence of an unknown operator and owner, albeit concurred in by that of a known operator and owner.
Judgment reversed; costs to abide the event.