FRANKLIN T. CONDIT, PLAINTIFF-APPELLANT, v. DIREC-
TOR OF MOTOR VEHICLES OF THE STATE OF NEW
JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 13, 1967—Decided December 18, 1967.

Before Judges KILKENNY, CARTON and FULOP.

*Mr. Burton C. Pariser* for appellant.

*Mr. Charles J. Kahwaty* for respondent.

The opinion of the court was delivered by

FULOP, J. S. C. (temporarily assigned). Plaintiff appeals from the dismissal on pretrial motion of his action for damages for personal injuries instituted against the Director of the Division of Motor Vehicles under *N. J. S. A.* 39:6–79 one of the "hit and run" provisions of the Unsatis-

fied Claim and Judgment Fund Law. The action was dismissed upon the grounds that it was not instituted within two years after the cause of action accrued, as required by *N. J. S. 2A* :14–2, and that plaintiff failed to give notice to the Fund Board of his intention to make claim against the Fund within 90 days after the accident as required by *N. J. S. A.* 39 :6–65. The trial court's oral opinion makes no reference to the failure to give timely notice but the order made thereon includes this ground.

The facts alleged in plaintiff's brief are as follows. On December 23, 1964, at about 12 :45 A. M., plaintiff was operating his automobile in a southerly direction along Main Street in Hackensack, New Jersey. One Robert D. Castellan, age 18 and having no driver's license but a learner's permit, was operating an automobile owned by Jean Castellan northerly on Main Street. He was accompanied by Ben Fontanella, a licensed driver. Castellan crossed the center of the road and struck plaintiff's vehicle. Plaintiff suffered personal injuries.

The police report of the accident quotes a statement by Castellan that another vehicle attempted "to pass him on the right side and forced [him] into the southbound lanes." The report also contains the following : "Note : Driver of vehicle No. 1 [plaintiff] also stated that he saw an unknown vehicle attempting to pass No. 2 vehicle just before collision occurred."

Plaintiff instituted a timely action against both Castellans and Fontanella. He gave no notice to the Fund and did not join the Director as a defendant. On February 28, 1967 a jury verdict was rendered in that action in favor of defendants. On March 6, 1967 the trial judge entered judgment on the verdict, molding it to include the finding that "the accident of December 23, 1964, and the personal injuries of the plaintiff Franklin T. Condit, were caused solely by the ownership, use and maintenance, of a motor vehicle in this state, by persons unknown and whose identity remains unknown after all reasonable efforts to ascertain that identity were made."

On March 9, 1967 plaintiff filed his notice of intention with the Unsatisfied Claim and Judgment Fund Board. This was more than two years after the accident. On March 15, 1967 he instituted the present suit against the Director, more than two years after the cause of action for damages for personal injuries arose, but within three months after the entry of judgment in the prior action.

The Director moved before trial to dismiss the complaint, and the motion was granted. This appeal followed.

The record on appeal is sparse. It is not clear what was before the trial court on the motion aside from the complaint. However, the trial judge in his oral opinion decided as a matter of law that the action was barred because it was instituted more than two years after the cause of action arose, citing *Lewis v. Engelhardt*, 79 *N. J. Super.* 171 (*Law Div.* 1963).

*N. J. S. A.* 39:6–79 provides that:

"When in an action in respect to the death of, or personal injury to, any person, arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, judgment is rendered for the defendant on the sole ground that such death or personal injury was occasioned by a motor vehicle—

(a) The identity of which, and of the owner and operator of which, has not been established, or

(b) Which was in the possession of some person other than the owner or his agent without the consent of the owner and the identity of the operator has not been established, such cause shall be stated in the judgment and the plaintiff in such action may within 3 months from the date of the entry of such judgment bring an action upon said cause of action against the director in the manner provided in section 18. [*N. J. S. A.* 39:6–78]."

In *Corrigan v. Gassert*, 27 *N. J.* 227 (1958) the Supreme Court held that a claimant under *N. J. S. A.* 39:6–79 is not required to file a notice of intention within the time allowed by *N. J. S. A.* 39:6–65 if he had probable cause for instituting an action against a known motorist and not asserting a claim against the Fund. The statute of limitations was not involved. Justice Proctor said:

"* * * the Legislature apparently recognized that a third class of claimants might exist, namely, those victims of 'hit and run' accidents who have a reasonable basis for believing that they know the tortfeasor's identity and in reliance thereon institute an action for damages against that person. In all probability the Legislature's recognition of the fact that in the event such an action resulted in a judgment that the person sued was not the person who caused the plaintiff's loss the victim would then be without recourse to the Fund, accounts for the inclusion in the Fund law of *N. J. S. A.* 39:6–79, which provides a method designed to afford a remedy for this class of claimants." (at *p.* 234)

In *McGainey v. Cable,* 65 *N. J. Super.* 202 (*App. Div.* 1961), it was held that a plaintiff may not join the Director on behalf of the Fund in the alternative in a suit against an alleged known tortfeasor where he believes that he knows the identity of the tortfeasor, but is uncertain that he can prove it. Judge Kilkenny said for the court:

"The trial court's order dismissing the complaint against the Director was proper, because the action against him was premature under the circumstances. *N. J. S. A.* 39:6–78 permits a suit against the Director for personal injuries in a 'hit and run' case, where 'the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained.' The policy behind the statute is to allow suit against the Director, when the victim would otherwise be remediless. *Corrigan v. Gassert,* 27 *N. J.* 227 (1958). Here, the plaintiffs have obtained such information as to the responsibility of Jean Z. Cable as to have led them to make her a defendant to this action. Accordingly, they must first proceed to a judgment with respect to the defendant Cable, before they may proceed against the Director, unless pending the action they can show such unlikelihood of implication of Jean Z. Cable as would warrant impleading the Director under *N. J. S. A.* 39:6–80. Otherwise, the Director would be unduly required to appear in every case of doubtful identity. Depending upon the outcome of plaintiffs' suit against Jean Z. Cable, there may or may not be need for further proceedings hereafter against the Director.

Such a procedure of first requiring the injured to exhaust his remedy against the tortfeasor is also implicit in *N. J. S. A.* 39:6–79, which provides that where an adverse judgment is entered against the plaintiff on the issue of identity, the plaintiff may then bring an action against the Director within three months from the date of entry of such judgment. This extended statutory time period within which to sue the Director should allay the adult plaintiff's fears that the two-year personal injury statute of limitations, *N. J. S.* 2A:14–2,

will bar a possible subsequent suit against the Director, the injuries having been sustained on October 25, 1958." (at *pp.* 204–205)

In *Lewis v. Engelhardt, supra,* Judge Kolovsky held that a plaintiff has the right to join the Fund as an additional defendant under *N. J. S. A.* 39:6–78. More than one vehicle was involved. Some were known and one was unknown, and the uncertainty was as to which was negligent and caused the accident. Judge Kolovsky said:

"But the instant case is not one of doubtful identity * * * to which the extension of time to sue the Director granted by *N. J. S. A.* 39:6–79 would apply.

The identity of the alleged 'hit and run' driver is unknown, and plaintiff must therefore institute suit within the two-year period provided by the statute of limitations applicable to actions for injury to the person (*N. J. S.* 2A:14–2). Plaintiff's failure to do so would be a defense available to the Director under the provision of *N. J. S. A.* 39:6–81, * * *." (at *p.* 176)

In *Dietz v. Meyer,* 79 *N. J. Super.* 194, 196 (1963), the Appellate Division, in an opinion by Judge Conford rendered eight days after the decision in *Lewis v. Engelhardt, supra,* held that a plaintiff asserting a claim against an identified operator of an automobile and an unidentified or "hit-and-run" car, may join the Director as a defendant in an action against the identified alleged tortfeasor under *N. J. S. A.* 39:6–78 or 39:6–80. This result was said to be consistent with "the established policy of liberal construction of this act to promote the remedy" and "our modern practice philosophy of trial at one time of multiple claims arising out of the same event or transaction." The court pointed out that if plaintiff won against both defendants, he could not collect from the Fund unless he was unsuccessful in collecting from the known operator and his insurer. The statute of limitations was not referred to. The court assumed in discussion that plaintiff might have proceeded first against the identified defendant and, if unsuccessful, then against the Director under *N. J. S.* 39:6–79.

Thus it has been decided that:

1. Where there are alleged multiple tortfeasors, one or more of whom are unidentified, the Director may be joined as defendant with known operators and owners.

2. Where plaintiff is uncertain as to the identity of the tortfeasor but has reason to believe that it is an identified party, he must pursue his remedy against such party before proceeding against the Fund.

3. If a plaintiff, upon probable cause, proceeds against an identified party and fails in his effort to prove that defendant was the operator or owner of the motor vehicle involved, he may within three months after a negative judgment bring an action against the Director without having given timely notice to the Unsatisfied Claim and Judgment Fund Board —unaffected by the statute of limitations.

The present case involves two possible tortfeasors. Plaintiff might have joined the Director with the known operator and owner. He chose to sue only the known persons and took no step against the Fund. The jury found that he was wrong as to which driver was negligent and caused the accident. If there had been only one possible tortfeasor and plaintiff had been mistaken as to his identity, plaintiff would clearly not have been barred against the Fund. Since he was mistaken not as to the identity of the driver but as to which driver was the tortfeasor, it is contended by the Director that he is barred by time.

█ The distinction is not found in the language of the statute. *N. J. S. A.* 39:6–79 gives the right to pursue the Fund when plaintiff loses an action against a known party "on the sole ground that such death or personal injury was occasioned by a motor vehicle—(a) The identity of which, and of the owner and operator of which, has not been established * * *." The words fit the facts of the present case. If the Legislature had intended to cover only those cases in which the plaintiff was unsuccessful in an attempt to prove that an identified defendant was the person involved, it could have stated this intent in more specific terms.

However, as Justice Heher said for the Supreme Court in *Giacobbe v. Gassert*, 29 *N. J.* 421 (1959):

"It is the obvious reason of a law that gives it life, not the strict, literal sense of terms. The words may be expanded or limited according to the spirit of the legislative expression. The animating principle of the correlated symbols of expression prevails over the import of particular words and phrases, considered *in vacuo* or in the context of other and different circumstances. The whole is to be coordinated in fulfillment of the overriding plan and purpose; the procedural course is not an end in itself but a mechanism in aid of the substantive policy * * * And here the statutory relief is to be accorded to all who are within the given class, as a peremptory measure of social policy * * *.

As said in *Giles* [*Giles v. Gassert*, 23 *N. J.* 22 (1956)], the act is to be liberally construed to advance the remedy, due regard being had for the protection of the fund and the realization of the essential legislative design * * *." (at *p.* 425)

What, then, is the reason or animating principle of the provision of *N. J. S. A.* 39:6–79 permitting the institution of an action against the Director within three months after plaintiff has failed against an identified party? Justice Proctor in *Corrigan v. Gassert, supra,* said that the section represented legislative cognizance of the fact that a jury oftentimes disagrees with a plaintiff as to the identity of a fleeing automobile and its operator, and the section sought to provide a remedy for a plaintiff in that situation.

It is a matter of common knowledge that juries also frequently disagree with the contentions of parties as to which of several drivers was negligent and caused an accident. Whether plaintiff loses against an identified operator of a motor vehicle because the jury disagrees with him as to the identity of the driver involved or because it finds that an unidentified operator alone was negligent, the injured plaintiff is without a remedy because of inability to identify the tortfeasor, the evil which the Unsatisfied Claim and Judgment Fund Law is designed to remedy.

The special provision of *N. J. S. A.* 39:6–79 was not essential to protect persons mistaken as to identity.

They might have been protected by filing a notice with the Fund and suing the Director as an additional party in every case. The special provision was in furtherance of the policy of the act to require every claimant to exhaust his remedies against known parties before pursuing the Fund. The intention was, as indicated by Judge Kilkenny in *McGainey v. Cable, supra,* to prevent the swamping of the Fund with cases in which it appears probable that there is another responsible source of recovery.

It is true that if the unidentified driver had been identified as a resident of this State and plaintiff had failed to join him as a defendant for two years after the accident, plaintiff's claim would be barred by *N. J. S.* 2A:14–2. However, the statute of limitations is not a single uniform provision equally applicable in all cases. *N. J. S.* 2A:14–22 extends the period of limitations during the nonresidence in the State of the tortfeasor. *N. J. S.* 2A:14–23 extends the period of limitations for six months after the death of the tortfeasor dying within the statutory period. *N. J. S.* 2A:14–26 extends the period during military service of either party and for six months thereafter. *N. J. S.* 2A:4–28, as amended by *L. 1961, c. 121,* allows a plaintiff who recovers a judgment which is reversed on appeal or vacated to institute a new action within one year after the reversal or vacation of the prior judgment.

These are exceptions to the policy of repose represented by the basic period of limitations. They are legislative recognitions of situations in which justice requires an extension of time in which to sue. *N. J. S. A.* 39:6–79 is a like provision. The Legislature was free to set a period of limitations for the institution of an action against the Fund different from that applicable to other defendants. In this instance it has done so.

We hold that where, in an action against an identified party or parties for the death of, or personal injury to, any person arising out of the ownership, maintenance or use of a motor vehicle in this State, judgment is rendered

for defendant on the sole ground that the death or injury was caused by a motor vehicle described in *subsection* (a) or (b) of *N. J. S. A.* 39:6–79, the plaintiff may institute an action against the Director within three months from the entry of such judgment without reference to the limitation of *N. J. S.* 2A:14–2. It is immaterial whether the failure to sue the Director earlier was based upon a mistake of the plaintiff as to the identity of a participant in the accident or as to which of several participants was the tortfeasor.

■ The Director further contends that even if the action was not barred by the statute of limitations, recovery against the Fund is barred by plaintiff's failure to give the notice required by *N. J. S. A.* 39:6–65 within 90 days after the accident. If plaintiff is entitled to the benefit of the provisions of *N. J. S. A.* 39:6–79, the reasoning of *Corrigan v. Gassert* applies and the timely filing of the notice of intention is not a prerequisite to the maintenance of the action.

In *Corrigan v. Gassert* the Supreme Court held:

"It should be emphasized, however, that to prevent the imposition of any possible fraud or abuse upon the Fund, any action instituted against a third person which results in the type of qualifying judgment contemplated in *N. J. S. A.* 39:6–79 must be shown to have been instituted by a claimant with probable cause for believing that the person sued was in fact the actual wrongdoer and with an honest belief, unaffected by information to the contrary, that the person sued could in fact respond in damages in the event his liability was established." (27 *N. J.*, at *p.* 238)

■ Thus the right to maintain this action against the Fund under *N. J. S. A.* 39:6–79 is conditioned upon a showing that (a) plaintiff had probable cause to believe that defendants in the previous suit or one of them was in fact the tortfeasor, and (b) he honestly believed that those defendants or one of them could respond in damages in the event that liability was established and plaintiff had no information to the contrary. Since the trial court concluded

that the claim was barred in any event, no findings were made on these points. In view of our holding, such determination of facts should now be made. If plaintiff is successful in proving the requisite elements, the action should be tried on the other issues.

The judgment below is reversed to the end that further proceedings may be taken in conformity with this opinion.