101 N.J. Super. 1 (1968)
242 A.2d 865
ROBERT J. FARNHAM AND SOLWEIG FARNHAM, PLAINTIFFS-APPELLANTS,
v.
JUNE D. STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1968.
Decided May 13, 1968.
*2 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Harold L. Gechtman argued the cause for appellants (Messrs. Gechtman and Gechtman, attorneys).
*3 Mr. Joseph G. Dallanegra, Jr. argued the cause for respondent (Messrs. Dallanegra & Dallanegra, attorneys; Mr. Kenneth P. Walsh, on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The trial court granted defendant's motion to dismiss this action, brought under the Unsatisfied Claim and Judgment Fund Act, for failure of compliance with the conditions precedent contained in N.J.S.A. 39:6-78. Neither the notice of motion nor the order of dismissal indicates what provisions of the cited section were not met. Nor is the order accompanied by any findings or statement of reasons other than the oral conclusion at the hearing of the motion that there had not been "sufficient compliance with the act."
While the complaint is couched in somewhat general terms, it is clear that plaintiffs' action was based upon the theory that the motor vehicle which collided with theirs "was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained," thus bringing it within the enabling language of N.J.S.A. 39:6-78.
We gather from defendant's brief that her position below was that it was made to appear on the motion papers that plaintiffs knew from a police report concerning the accident that the owner of the other car was one Charles Saxton of 53 Wallace Street, Newark, and that under all the circumstances and the intent of the statute plaintiffs should have first sued Saxton and exhausted their legal remedies for satisfying their claim against him before bringing their action against the Director.
The defendant's motion was supported only by a copy of a routine accident report made by Patrolman Rizzo of the Orange Police concerning the accident, which occurred May 8, 1965. The space in the form for indication of the name of the driver of the other car is left blank, but Saxton's name *4 and address are furnished as those of the owner, as is also the identification of the vehicle, which was left at the scene and abandoned by its driver. The report also sets forth the names and addresses of two sixteen-year-old witnesses of the accident.
Plaintiffs countered the motion with an affidavit of Patrolman Rizzo. Therein, after saying he was summoned to the scene of the accident, he identifies Saxton as the owner of the other vehicle, but he does not state the source of his information. He recites that the operator of that vehicle "had run away from the scene of the accident on foot immediately following such accident." He says he interviewed the two above-mentioned eyewitnesses and the plaintiffs but these discussions "failed to reveal the identification of the driver"  only that the driver ran away on foot before he could be identified. The last paragraph of the Rizzo affidavit summarizes an investigation report of Lt. Leo Hull of the Orange Police which purportedly stated that Saxton had "indicated" that his car was stolen and the car keys taken from his premises without his knowledge. The operator could not be identified. The affidavit goes on to say that "the report [of Lt. Hull] further discloses the fact that there is no evidence revealed which in any way places the owner of such vehicle at the scene of the accident or as the operator of his vehicle at the time and place in question."
We were told at oral argument that neither side has recently been able to locate Saxton; also that plaintiffs' damages are substantial.
N.J.S.A. 39:6-78, applying to so-called "hit-and-run" cases, allows an action to be brought against the Director of the Division of Motor Vehicles for satisfaction out of the Fund where "the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained." (Emphasis added.) The *5 section directs, however, that "no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that  * * *
(e) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established, * * *." (Emphasis added)
In the present case it is clear that plaintiffs are relying on the second category of hit-and-run cases twice identified in this section, i.e., where it is claimed that the operator was unknown and that he was operating the motor vehicle without the owner's consent. It is therefore of no consequence that the requirements of the first category  that the identity of the motor vehicle and of the driver and owner thereof are unknown  are not here met. Thus, Tinsman v. Parsekian, 65 N.J. Super. 217 (App. Div. 1961), relied upon by defendant, is not in point.
Two problems are presented for consideration on this appeal, one substantive, the other procedural. The first is the question of the criteria for deciding whether a plaintiff is justified in suing the Director without first suing a known owner of a known vehicle where there is uncertainty over whether the owner was also the operator or whether the operator was driving the vehicle as agent of the owner. The second question is whether the issue as to plaintiff's satisfaction of condition (e) of the section is determinable on motion prior to the hearing of the case, and, if so, how strong the demonstration of non-compliance with the statute should be to justify dismissal of the action on such motion where there is uncertainty of the kind mentioned above in relation to the substantive question.
We address ourselves to these problems in the order stated.
The first consideration has had consideration in McGainey v. Cable, 65 N.J. Super. 202 (App. Div. 1961), and Nash *6 v. Iamurri, 76 N.J. Super. 167 (Law Div. 1962). In McGainey we held that where, although the injured parties professed uncertainty whether a specific known person was the operator of the car which struck them, they nevertheless averred that they believed she was, and had identified her so to be, they were not entitled to join the Director of the Division of Motor Vehicles as a defendant to be claimed against, alternatively, along with the suspected party as a defendant, but must bring their action initially against the suspect alone. The outcome of that action would determine the availability of later proceedings against the Director provided for by the statute, "unless pending the action they can show such unlikelihood of implication of [the suspect-defendant] as would warrant impleading the Director under N.J.S.A. 39:6-80" (65 N.J. Super., at p. 204).
In Nash v. Iamurri plaintiff was injured in a night-time parking lot accident. There was circumstantial evidence implicating Iamurri as the driver of the other car, but also an impressive alibi on behalf of Iamurri supported by independent witnesses. Plaintiff sued Iamurri and the Director in the alternative. The claims were severed and plaintiff was directed first to proceed against Iamurri alone. On the trial of that issue, heard without a jury, plaintiff and his wife testified they could not identify the driver of the other car, and their attorney represented to the court that his investigation satisfied him he could not prove Iamurri to have been the driver. Iamurri's motion for dismissal of that action was granted.
Thereafter the Director moved for summary judgment in the Nash case on grounds essentially the same as those advanced by the Director here, including alleged failure of plaintiff to have made reasonable efforts to ascertain the identity of the other motor vehicle, and of its owner and operator, and failure to prove that the motor vehicle involved "was in the possession of some person other than the owner or his agent without the consent of the owner and [that] the identity of the operator has not been established." The motion *7 was denied and the case held for trial. On a stipulation that the case be decided by the judge as though at a trial without a jury on stipulated records, transcripts and official reports, representing all the evidence in the case, Judge Fulop decided the case in the Law Division in favor of plaintiff.
In the course of his opinion the judge said:
"There is no requirement that the plaintiff institute an action against any person against whom it does not appear reasonably likely that liability may be established. The determination of the reasonable likelihood of success must necessarily be made in the first instance by the plaintiff, usually on the advice of his attorney." (76
And further,
N.J. Super., at p. 175)
"As already indicated, plaintiff and his attorney must in all cases under this statute form a judgment as to the course to be pursued. But the reasonableness and good faith of that judgment is not left to their final determination. They must justify it in the suit to recover from the Fund. In that suit, as here, the court, with or without a jury, must determine whether or not plaintiff has brought himself within the terms of the act.
Thus, if it now appeared that plaintiff could reasonably have been expected to establish that Iamurri was the tort-feasor, plaintiff could not recover. But that determination is a factual determination of reasonableness. There is no arbitrary requirement of mechanical steps to be pursued." (at p. 176; emphasis added)
Compare Selimo v. Hartshorn, 99 N.J. Super. 146, 153 (Law Div. 1968), where, in considering a similar problem in connection with the plaintiff's satisfaction of the conditions set forth in N.J.S.A. 39:6-70, 71 for securing an order for payment out of the Fund of an unsatisfied judgment, the court said: "* * * [I]f plaintiff reasonably had a cause of action against another tortfeasor in a prima facie sense, he did not comply with the prerequisite demanding exhaustion of available remedies."
We are in essential agreement with the reasoning set forth in Nash v. Iamurri, supra, quoted above. Accordingly, the ultimate issue in the present case (aside from those as to *8 negligence of the driver, contributory negligence of plaintiffs, damages, etc., not involved in this appeal) is whether plaintiffs could reasonably expect to recover a judgment against Saxton on the basis of facts which a bona fide and reasonably thorough investigation would reveal, showing that either Saxton or his agent was driving the vehicle at the time of the accident rather than an unidentifiable other person without his permission. If so, an action should have been brought against Saxton alone and pursued to its unsuccessful or fruitless termination before recourse was had to proceedings against the Director. Per contra, if no reasonable prospect of recovery against Saxton appeared on such an investigation.
We turn to the question whether the determination adverse to plaintiffs should have been made in this case on the motion in the trial court. We are clear that notwithstanding N.J.S.A. 39:6-78 states that the court must be satisfied "upon the hearing of the action" that plaintiff has established each of the six prerequisites, (a) to (f), inclusive, set forth in the section, for entry of judgment against the Director, a motion for summary judgment may be brought in a proper case by the Director prior to hearing of the action. See Tinsman v. Parsekian and McGainey v. Cable, both supra.
When, however, the statutory requirement challenged on the motion as not established is (e) and the issue is whether plaintiff had reasonable grounds to pursue an action against a known owner of a known vehicle, as against the assertion that the actual operator was unknown and in possession of the vehicle without the permission of the owner, the court should be at pains to be sure that it has before it all the facts concerning the accident available at the time and all pertinent information concerning plaintiff's investigation and opportunities for investigation of the facts. Consonant with the general rule as to the substantial burden resting on a party moving for summary judgment, R.R. 4:58-3, the burden is on the moving party to establish affirmatively and palpably that no fair conclusion is derivable from the facts *9 other than that the plaintiff had reasonable grounds to pursue an action against the known owner.
We are satisfied that the requisite affirmative showing was not made by defendant on the motion below and that the motion should have been denied. We think the issue should be reserved for the hearing of the action, as contemplated by the statute in the generality of cases. At that time the burden of demonstrating satisfaction of condition (e) will fall to plaintiffs, and the issue will, in accordance with the specific command of the statute, be decided by the trial judge, whether or not there is a jury to determine the issues of tort liability. That course is the generally preferable one in such a case as this, as it is apt to eliminate duplication of proofs as to tort liability at the hearing and on the motion.
While there may well have been unanswered questions in the trial court's mind as to the issue of Saxton's potential liability and as to what might have been revealed by a more thorough investigation of first-hand sources of information than plaintiffs have apparently made thus far  questions to which plaintiffs will have to provide satisfactory answers at the hearing of the action  we are satisfied that defendant's showing on the present motion was not sufficiently determinative of noncompliance with the statute by plaintiffs as to have met defendant's burden and to have warranted summary dismissal of the action.
Reversed; no costs on this appeal.