107 N.J. Super. 7 (1969)
256 A.2d 609
HENRY SCHAEFER AND DOROTHY SCHAEFER, HIS WIFE, PLAINTIFF-APPELLANTS,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPT. OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT. HENRY SCHAEFER AND DOROTHY SCHAEFER, PLAINTIFFS-APPELLANTS,
v.
CECELIA BALDEROSE AND DANIEL BALDEROSE, HER HUSBAND, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 31, 1969.
Decided August 20, 1969.
*8 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Marvin Lieberman argued the cause for appellants Henry Schaefer and Dorothy Schaefer (Messrs. Jacob, Alfred & Richard Levinson, attorneys).
Mr. Newton H. Porter, Jr. argued the cause for respondent June Strelecki, Director, etc. (Messrs. Porter & Hobart, attorneys).
Mr. Michael J. Cernigliari argued the cause for respondents Cecelia Balderose and Daniel Balderose (Messrs. Campbell, Mangini, Foley & Lee, attorneys).
*9 The opinion of the court was delivered by LABRECQUE, J.A.D.
These consolidated appeals involve two inconsistent and irreconcilable verdicts.
Plaintiffs first sued defendants Mr. and Mrs. Balderose (Balderose). The latter denied that their car was involved and affirmed their denial in depositions. They were supported by the deposition of an apparently independent witness, Lynch. They thereupon moved for summary judgment. The factual basis for the motion is not stated but we assume it was plaintiffs' and defendants' depositions. The court granted the motion and entered summary judgment with prejudice.
Plaintiffs thereupon instituted suit against the Director of the Division of Motor Vehicles (Director) pursuant to the "hit and run" provisions of the Unsatisfied Claim and Judgment Fund Act, N.J.S.A. 39:6-78 and 79. They had not made the Director a defendant in the Balderose action because they believed that McGainey v. Cable, 65 N.J. Super. 202 (App. Div. 1961) forbade such joinder. The action was defended by the Director and a full trial as to liability was had at which the plaintiffs testified that they were unable to identify either the vehicle that hit them or the owner or driver thereof, and Mrs. Balderose testified that she had not been the driver of the car involved in the collision with them. The only real issue submitted to the jury was whether the accident involved a known driver (Mrs. Balderose) or an unknown one. The jury returned a verdict in favor of the Director, thus finding, in effect, that Mrs. Balderose had been driving the offending car.
Following the verdict plaintiffs moved for a new trial on the ground of errors in the exclusion of evidence, in the charge and in the denial of their motion for a directed verdict, and on the further ground that the verdict was contrary to the weight of the evidence and the result of bias, passion, mistake, partiality and prejudice. The motion was denied and plaintiffs appealed.
*10 Plaintiffs thereupon applied to the judge who had granted summary judgment in the Balderose case for relief pursuant to R.R. 4:62-2(f). The second appeal is from denial of their motion.
At the trial of the suit against the Director plaintiff Henry Schaefer testified that on August 20, 1964, as he was driving north on the Garden State Parkway with his wife Dorothy Schaefer as a passenger, he was struck violently from the rear shortly after passing the ramp leading from the New Jersey Turnpike to the Parkway. It had been raining, traffic was light and he was in the center lane when hit. The force of the crash caused the car to sway and it travelled a short distance before he was able to pull to the side and stop. He then observed that the car had been struck in the rear and that the rear window had been knocked out. However, there was no other car in the immediate vicinity and no car had passed him from the time of the crash until he stopped. After waiting a short while, Schaefer drove about two miles to a telephone booth near the next exit and called his son-in-law for help. Upon the arrival of the latter, the police were called and Trooper Karlsen responded. Mrs. Schaefer's testimony was in substantial accord with that of her husband. Neither one saw the car that struck theirs.
Karlsen testified that upon receiving notice of an accident near the ramp leading from exit 10 of the New Jersey Turnpike he went to the scene and found the Balderose car on the shoulder of the northbound section of the parkway, facing east. There was damage to the left front of the car and shattered glass over the entire width of the roadway at the scene. Mrs. Balderose told him she had struck a car which had suddenly come from the ramp leading from the Turnpike and that the car had continued on. He noticed no other car which could have been involved in the accident. He drove Mrs. Balderose to the hospital and on his return was detailed to the Schaefer accident. Damage to that car indicated it had been struck in the right rear and its rear window was missing. When the Schaefers were unable *11 to describe the car that struck them he drove Schaefer back about two miles to the scene of the Balderose accident. Although the fragments of shattered glass were still present, Schaefer testified it was dark and he was unable to state "exactly" that that was the place of the accident. There was no proof of any other accident in the area on the evening in question, and Karlsen stated that he received no notice of any. The exit ramp could be reached only by traffic which had been proceeding north on the Turnpike and was turning north onto the Parkway. The Schaefers testified they had not entered the Parkway by the exit 10 ramp but at a point south of it, at Perth Amboy, after visiting there with their daughter and son-in-law.
Mrs. Balderose testified that she entered the Parkway at Matawan and was driving north in the right-hand lane. As she reached the place where traffic entered the Parkway from the Turnpike a car "came from my right directly in front of me and I hit the brakes and skidded into the car and spun around." After the impact she never saw the car that she struck, and her own car came to rest at a right angle to traffic, on the right shoulder (facing easterly). The witness Lynch stopped and helped her until the state trooper arrived. She saw no other car there. There was glass all over the road. She never noticed the lights of the car she struck but was sure that the car came from the ramp leading from the Turnpike.
It would appear clear from the foregoing that had the Director been joined as a defendant in the Balderose action the irreconcilable judgments now before us would not have been possible. Since such joinder was precluded by McGainey v. Cable, supra, we requested the parties to submit supplemental memoranda as to the propriety of our holding in that case, and they have done so.
In McGainey we held that where plaintiffs had obtained such information with regard to the responsibility of defendant Cable as to have led them to make her a defendant, they were precluded from joining the Director as a defendant in *12 the alternative, but were required to first proceed to judgment against her.
McGainey has been the subject of frequent criticism as running counter to the spirit of our rules which reflect the policy of disposing of entire controversies, including all parties and issues, at one trial. R.R. 4:33-1; 4:8-1. What has transpired here bears out the apprehensions expressed in Dietz v. Meyer, 79 N.J. Super. 194 (App. Div. 1963), where Judge Conford, dealing with a somewhat analogous situation, noted:
"Aside from the contingency of contributory negligence, which would of course bar plaintiff as against either defendant, plaintiff is entitled, as a passenger in one of the two cars involved in the accident, to recovery against one or both of the defendants as a matter of law. Only by a trial of the case against both defendants at one time, however, is he assured of such a result. If the Director were not permitted to be joined, he would not be bound by a verdict in a trial involving only the known defendant exculpating that defendant on the theory that the accident was caused solely by the driver of the unknown car. Cf. Minardi v. Nocito, 66 N.J. Super. 187, 193 (App. Div. 1961). And if, pursuant to section 39:6-79, the plaintiff then brought an action against the Director, and the fact-finder at that trial concluded that the accident occurred solely by reason of the negligence of the known operator, plaintiff would be entirely bereft of a remedy, contrary both to the established policy of liberal construction of this act to promote the remedy, see Giles v. Gassert, supra, 23 N.J. [22], at p. 34, and to our modern practice philosophy of trial at one time of multiple claims arising out of the same event or transaction.
It seems apparent that the Legislature in drafting this act was not necessarily opposed to the idea of the Director's being a co-defendant along with a known operator, as that very procedural posture is involved in section 39:6-80, mentioned above, permitting the impleading of the Director in a case where he was not originally joined as a defendant." (at pp. 200-201)
See also Condit v. Director of Motor Vehicles, 98 N.J. Super. 295 (App. Div. 1967), certification denied 51 N.J. 275 (1968); Farnham v. Strelecki, 101 N.J. Super. 1 (App. Div. 1968).
In McGainey it was reasoned that unless the statute was interpreted to compel plaintiff to first proceed to judgment against Cable, "the Director would be unduly required to *13 appear in every case of doubtful identity" (65 N.J. Super., at p. 204). Further experience with the "hit and run" statute now convinces us that our fears in that regard were unwarranted and that to permit the Director to be joined as an alternative defendant in an action such as the one before us would not have "unduly" burdened her. On the contrary, we are satisfied that where there is probable cause to entertain doubt as to the identity of the tortfeasor, the overall interests of the Director will be better served by permitting her to be made a party to the action at its inception. In this way she is in a position to follow the case, participate in the discovery, assess the advisability of settlement, and adduce at the trial such evidence as she may have to verify the identity of the assumed driver, thus lessening the possibility that a second suit against the Director will be required. Even were this not so, the fact that in some instances the jury might find against the assumed driver, thus avoiding the necessity of a second trial against the Director, is of no moment when balanced against the potentiality for injustice posed by the requirement of McGainey that there be separate trials (with the necessarily attendant possibility of inconsistent verdicts) in each such case.
We accordingly hold that where genuine doubt exists as to the identification of the person (owner or driver) responsible for the operation of an automobile in a "hit and run" accident resulting in personal injury or death, the plaintiff shall not be required to exhaust his remedy against the assumed driver and owner before recourse to suit against the Director, but, provided he is otherwise eligible to do so, may implead the latter as a defendant in the alternative in the suit against the assumed owner or driver, or both. Thereafter, liability shall be determined at a single trial. We are satisfied that this method of procedure best comports with the liberal construction to be given to the Unsatisfied Claim and Judgment Fund Law, Giles v. Gassert, 23 N.J. 22, 34 (1956), the spirit of our modern practice, and the requirements of substantial justice.
*14 Here, we are convinced that the challenged judgments are both inconsistent and irreconcilable. At the conclusion of the taking of proofs at the trial against the Director it was clear (and not substantially disputed by the Director) that the only real issue involved was the identity of the driver of the car which had run into plaintiffs. There was no factual support for the defense of contributory negligence. The proofs were likewise inadequate to establish the presence of a third car which could have been involved in a collision with plaintiffs  or that there had been any other accident in the area on the night in question. Thus, in resolving the issue of who was driving the jury was left with but two choices: Mrs. Balderose, or a person whose identity was unknown. By its verdict in favor of the Director, and the prior grant of summary judgment in favor of Mrs. Balderose, plaintiffs were left without any remedy whatever. Even had the judgment in favor of Mrs. Balderose been based upon a jury verdict, the same possibility of an inconsistent verdict would have been present.
We are satisfied that in view of the predictable miscarriage of justice which has resulted from plaintiffs' adherence to the procedure laid down by McGainey, the ends of justice require the reversal of each of the judgments before us and a new consolidated trial in which the Director and Mr. and Mrs. Balderose will stand as adversary parties. Minter v. Bendix Aviation Corp., 24 N.J. 128, 136-137 (1957). In Minter, where the employer-respondent was faced with judgments in favor of each of two "wives" of a deceased employee, the court ordered a new consolidated trial as to both claimants. We see no difference in principle between judgments in favor of each of two contending petitioners in a compensation case, and judgments denying plaintiffs a recovery for injuries sustained in an automobile accident against either of two defendants, one of whom, of necessity, was responsible for the operation of the offending car. Only through a consolidated trial may the issues in the two actions before us be effectively  and consistently  disposed of. Greenberg v. Stanley, 30 *15 N.J. 485, 504-508 (1959); Advance Piece Dye Works, Inc. v. Travelers Indemnity Co., 64 N.J. Super. 405, 416 (App. Div. 1960).
By reason of the foregoing we find it unnecessary to consider the grounds for reversal of each judgment advanced by plaintiffs.
Reversed and remanded for a new consolidated trial as to all parties.