BOROUGH OF WILDWOOD CREST, A MUNICIPAL CORPORA-
TION, PLAINTIFF–APPELLANT CROSS–RESPONDENT, v. CE-
CILE O. SMITH AND MONTEREY MOTEL, INC., ET AL., DE-
FENDANTS–RESPONDENTS CROSS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued October 5, 1988—Decided October 18, 1988.

Before Judges GAULKIN, BILDER and A.M. STEIN.

*Robert A. Fineberg* argued the cause for appellant/cross respondent (*Fineberg & Rodgers,* attorneys; *Robert A. Fineberg,* on the brief).

*Robert L. Taylor* argued the cause for respondents/cross-appellants (*Marcus H. Karavan* and *Robert L. Taylor,* attorneys; *Marcus H. Karavan and* Robert L. *Taylor, on the brief).*

PER CURIAM.

Plaintiff, Wildwood Crest, and defendants, Cecile Smith and Monterey Motel, Inc., appeal and cross appeal from Law Division orders valuing condemned beach property and setting interest rates for the condemnation award.

As part of a program to acquire all of its beaches, plaintiff condemned unimproved beach property belonging to defendants. Each of the properties is generally similar. They front on the Atlantic Ocean and extend from the bulkhead line well into the ocean.[1] The parcels include unencumbered upland property, beach property encumbered by public easement for bathing and recreation and a possible interest in a paper street adjoining the bulkhead line. A complete description is con-

---

[1]Defendants' predecessors acquired the riparian rights from the State many years ago.

tained in *Borough of Wildwood Crest v. Smith,* 210 *N.J.Super.* 127 (App.Div.1986), certif. den. 107 *N.J.* 51 (1986).[2]

Following a *de novo* nonjury trial on appeal from a commissioners' award, *see N.J.S.A.* 20:3–13, the trial judge found the fair market value of the Smith property on the stipulated valuation date (February 7, 1983) to have been $466,075, and that of the Monterey Motel property to have been $453,250. When a dispute arose as to the amount and nature of the interest to be awarded on the deficiency in moneys previously deposited by plaintiff, the court took testimony and in a written opinion of January 26, 1988 ordered rates which coincided with those approved by court rules but, more critical to this appeal, ordered that the interest should be compounded annually.

■ In their cross-appeals, each of the parties essentially attacks the trial judge's findings of fact with respect to valuation. The weight to be given to the testimony of the experts is within the competence of the fact-finder. We are satisfied that his acceptance of the plaintiff's experts' opinions as to highest and best use and comparables was supported by sufficient credible evidence in the record. *See Rova Farms Resort v. Investors Ins. Co.,* 65 *N.J.* 474, 484 (1974).

■ However, after accepting plaintiff's comparables, the trial judge made a substantial upward adjustment in the expert's value of the encumbered beach property from $.95—$1 per square foot to $9.50 per square foot. He did this because he took judicial notice that the comparable properties had been subject to the same public easement which encumbered the subject lands. Thus, he reasoned that in comparing the values no adjustment should have been made for the encumbrance. We agree with his logic. That similar public easements existed has been conceded by the parties at oral argument.

---

2The earlier litigation involved the nature and extent of defendants' holdings, thus providing a predicate for the valuation determination.

■ In its appeal plaintiff also claims error in the award of compound interest rather than simple interest. We agree with the trial judge and affirm substantially for the reasons given in his written opinion of January 26, 1988.

Affirmed.