814 A.2d 637 (2003)
357 N.J. Super. 123
Marie B. FOX, Robert L. Keller and Buck Mountain Associates, Plaintiffs-Appellants,
v.
TOWNSHIP OF WEST MILFORD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 2003.
Decided January 22, 2003.
Norman I. Klein, Clifton, argued the cause for appellants (Carlet, Garrison, Klein & Zaretsky, attorneys; Mr. Klein and Robert. S. Getman, on the brief).
Robert H. Oostdyk, Jr. argued the cause for respondent (Johnson, Murphy, Hubner, McKeon, Wubbenhorst & Appelt, attorneys; Mr. Oostdyk and Martin F. Murphy, Riverdale, on the brief).
Before Judges PRESSLER, WALLACE, JR. and AXELRAD.
The opinion of the court was delivered by PRESSLER, P.J.A.D.
Plaintiffs Marie B. Fox, Robert L. Keller, and their partnership, Buck Mountain Associates, brought this inverse condemnation action against the defendant Township *638 of West Milford claiming that the Township's ordinance that vacated the public interest in roads running through their property left it landlocked and consequently deprived them of any reasonable use. Following a lengthy trial on liability only, the court dismissed the complaint on the ground that plaintiffs retained an easement over State lands which afforded them reasonable access. That decision was, moreover, predicated on the court's conclusion that the property in question, consisting of some 150 acres, was a single parcel rather than ten separate lots as urged by plaintiffs. The significance of that determination is that the asserted easement, while affording access to a unitary parcel, does not afford access to each of the ten separate lots.
Plaintiffs appeal. As we understand their position, they raise two primary issues. First, they contend that the trial judge erred in regarding the property as a unitary parcel for purposes of determining whether the vacation of the public interest in the streets left them with reasonable access. Second, they challenge the trial court's conclusion that they had an adequate access easement over State lands. While we agree with the trial judge with respect to the unitary characterization of the property, we are satisfied that the State, which was not joined in the litigation, was an indispensable party to the easement determination. Accordingly, since the State cannot be bound by the court's determination, the question of plaintiffs' reasonable access by virtue of the asserted easement was not subject to dispositive adjudication. Resolution of the pivotal issue of whether plaintiffs retained such reasonable access as would defeat their inverse condemnation complaint clearly required joinder of the State. We remand for such joinder now in order to afford the State the opportunity to define and argue its position respecting the existence and scope of the easement and for the court to then redetermine the reasonable-access issue.
The facts relevant to the disposition of this appeal, either undisputed or as found by the judge based on the evidence, are as follows. Plaintiffs Fox and Keller, as tenants in common, acquired the 150-acre parcel in West Milford in 1986 by a single deed given them by the Trustees of the Episcopal Fund. The parcel was identified as lots 6, 7, and 8 of block 492, each of which had been separately acquired by the grantor. The land, essentially undeveloped and environmentally sensitive, is located in a four-acre minimum residential zone, and Fox and Keller had purchased it for subdivision and development. The tract is surrounded on three sides by land deeded to the State in 1946 and maintained by the State as the Norvin Green State Forest. The fourth side is bounded by private lands. The parcel does not abut a public improved street. The closest such street is Otterhole Road. There were, however, three unimproved dirt roads running through the tract known as Leaver Road, 1828 Road, and Snake Den Road. Leaver Road connects the tract to Otterhole Road by traversing Norvin Green State Forest, and that is the easement here in dispute. 1828 Road connects the tract to Otterhole Road at a point north of the Leaver Road-Otterhole Road juncture. And Snake Den Road connects the tract to more distant public streets east of the tract. The vacation of 1812 Road and Snake Den Road leave the Leaver Road easement as the only access to the tract from an improved street.
In 1989 and 1990 Fox and Keller implemented a scheme designed to effectuate a subdivision of the tract without benefit of municipal land-use applications and approval. Relying on what they regarded as natural interior lot boundaries created by *639 interior roads, paths and trails, they deeded out ten separate portions of the tract by separate deeds, four to Fox, two to Keller, three to both of them, and one to Buck Mountain Associates, a partnership of which they were the partners. That is the present state of title. Plaintiffs candidly conceded that of the ten lots so created, no contiguous lots were conveyed to the same grantees, a precaution they took to avoid a municipal claim of merger of lots. See generally Cox, New Jersey Zoning and Land Use Administration, 16-15.2 (Gann 2002). They then attempted a formal minor subdivision of a portion of one of the separate conveyances to Fox, which ultimately failed because of the street vacation ordinance they challenge here. As we held in the appeal before us brought in prior litigation, Keller, et al. v. Township of West Milford, et al., No. A-1830-96T5 (App.Div. December 12, 1997), the result of the street vacation ordinance was the necessity of a new street to serve the proposed minor subdivision, and N.J.S.A. 40:55D-5 prohibits minor subdivision treatment where a new street is required.
We address first the question of whether the tract consists of a single unitary parcel or ten separate lots. To begin with, we think it plain that the conveyances, individually and in the aggregate, constituted a subdivision of the entire tract. The Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1, et seq., defines "subdivision" as "the division of a lot, tract or parcel of land into two or more lots, tracts, parcels or other divisions of land for sale or development" subject to stated exceptions not here applicable. N.J.S.A. 40:55D-7. The MLUL also prescribes the consequences of transfer of portion of a single tract without first obtaining subdivision approval. Thus N.J.S.A. 40:55D-55 imposes a monetary penalty of up to $1,000 for each lot transferred without subdivision approval. In addition, that statute authorizes the municipality to institute a civil action for injunctive relief and to set aside the conveyance. It must, however, do so within two years of the transfer if recorded and six years of the transfer if unrecorded. Defendant West Milford did not institute a civil action seeking the statutory relief within two years of the recording of any of the ten deeds. Accordingly, plaintiffs argue, the deeds must be regarded as no longer voidable and as vesting the transfereesthemselveswith the full panoply of rights enjoyed by owners of real property.
We disagree. We dealt with a similar contention, albeit in a somewhat different context, in Dalton v. Ocean Tp., 245 N.J.Super. 453, 586 A.2d 262 (App.Div.), certif. denied, 126 N.J. 324, 598 A.2d 884 (1991). We recognized the two-year limitation on the municipality's right to seek judicial relief from the illegal subdivision, but we made plain that the limitation merely bars the municipality from instituting suit. It does not, as we held, "validate... [the subdivided lot] for development purposes." Id. at 462, 586 A.2d 262. We adhere to that proposition. We do not believe that the MLUL contemplates or sanctions the abrogation of its subdivision regulation or that of municipalities by the simple expedient of a grantor conveying out a portion of a lot to himself or an alter ego, waiting out the two-year period for a municipal lawsuit to ensue, and then, if none is brought, claiming that an effective subdivision has been accomplished. This is particularly so because the municipality, at least in respect of its planning officials and planning function, is unlikely to be aware of the conveyance within that time period. As we pointed out in Dalton, the municipal assessor is required by N.J.S.A. 54:4-31 to receive prompt notice from the county recording officer of filed deeds. But, as we said, that requirement is part of *640 the tax law, not part of the land-use planning law, and the enforceability of the land-use planning laws "should not depend on an illegal subdivision's reaching its second birthday before municipal officials notice it." Id. at 463, 586 A.2d 262.
We note, moreover, that plaintiffs' first application to the municipality for land use approval, the minor subdivision application to which we have referred, was not made until two years had passed from the time of the ten conveyances. The conclusion is virtually inescapable that plaintiffs' actions were calculated from the start to create subdivisions in avoidance of the MLUL and the strong public policy it represents. It is thus in our view clear that the issue of bare legal title aside, the subdivision attempted by the ten ex cathedra conveyances did not create ten separate developable lots. We need not consider what efficacy the conveyances may have had. It suffices to conclude that for land use purposes, they had no validity at all.
And that conclusion brings us to a consideration of the access issue. It is well settled that while governmental deprivation of any access to a public highway constitutes a compensable taking, the property owner is not entitled to access at every point between the land and the highway, nor access to all available public highways, nor the access he prefers, but only to such reasonable and convenient access to the general system of roadways as maintains the utility of the property. See, e.g., High Horizons Dev. v. Dept. of Transp., 120 N.J. 40, 48, 575 A.2d 1360 (1990); Lima & Sons, Inc. v. Borough of Ramsey, 269 N.J.Super. 469, 475-477, 635 A.2d 1007 (App.Div.1994); Mueller v. N.J. Highway Authority, 59 N.J.Super. 583, 595, 158 A.2d 343 (App.Div.1960). We need not consider whether the pre-vacation access afforded by the three unimproved roads running over the lands of others before reaching a public street afforded plaintiffs sufficient access to permit development of the tract. We merely note that development requires each building lot to abut an improved street meeting appropriate standards, N.J.S.A. 40:55D-35 and 36, and we think it plain that an improved street would have to reach the development as a whole. Consequently, development would require improvement of at least one of the three roads by either the developer or the municipality, and the developer's ability to improve a road on another's land is problematical.
Those issues, however, are not before us. Rather, the question is whether, aside from the issue of future improvement of the three vacated roads, the effect of the vacation was to deprive plaintiffs of such reasonable access as they then had. We are satisfied that the answer must be in the negative if they retained private rights in Leaver Road by way of easement since that easement would adequately preserve that which they had prior to the vacation, namely unimproved access over the lands of another to a public improved street. See Lima & Sons, Inc. v. Borough of Ramsey, supra, 269 N.J.Super. at 479, 635 A.2d 1007. Obviously, this conclusion is based on the fact that Leaver Road provides access to the tract as a unitary whole because it clearly does not provide access to each of the ten lots. And, for the reasons we have already expressed, the tract is properly so regarded in the context of this inverse condemnation claim. That is to say, the ten lots are not separably developable because of the subdivision violations. They have at present no utility as separate lots and hence the deprivation of access to each deprives them of nothing to which they are entitled. Those lots can only be rendered utilizable as separate tracts by a proper subdivision of the whole, *641 and, if the easement is enforceable against the State, the tract as a whole has access.
The key, then, to plaintiffs' inverse condemnation action is whether it has easement rights in Leaver Road. Plaintiffs did not seek to join the State, the owner of the servient tenement, on the theory either that they had no private easement rights or that by reason of State ownership and regulation, any easement rights they might have had were inadequate for development purposes. It was on that theory that they asserted deprivation of any reasonable access by reason of the street vacation. Nevertheless they did seek to join the State on the eve of trial, a motion that was denied because of its lateness.
We agree with the trial judge that the motion was grossly untimely. But that circumstance should have been balanced against the fact that the State was a person within the intendment of R. 4:28-1(a) whose joinder was required for a just adjudication, over whom the court could assert jurisdiction, and who was amenable to service of process. R. 4:28-1 in part defines such a person as one whose absence precludes complete relief to those who are already parties. And while that person's indispensability in those terms is circumstantial, it is at least clear that such indispensability results if the omitted person "has an interest inevitably involved in the subject matter before the court and a judgment cannot justly be made between the litigants without either adjudging or necessarily affecting the absentee's interest." Jennings v. M & M Transportation Co., 104 N.J.Super. 265, 272, 249 A.2d 631 (Ch.Div.1969). See also Schaefer v. Strelecki, 107 N.J.Super. 7, 13-14, 256 A.2d 609 (App.Div.1969) (indispensability defined in terms of avoidance of irreconcilable and inconsistent judgments). R. 4:28-1(a), moreover, instructs the court to order joinder of an indispensable party.
Clearly, the State was an indispensable party that should have been joined. This was not an action challenging the street vacation ordinance as such. This was, rather, an action in inverse condemnation claiming that the ordinance constituted a taking because it left the property with no reasonable access. The defense was that reasonable access remained because of plaintiffs' Leaver Road easement. But the owner of the land burdened by the easement, the State, could not be bound by an adjudication of the existence and validity of the easement without an opportunity to appear and be heard in the protection of its property and the public interest therein. That is the most fundamental precept of procedural due process. In sum, plaintiffs were adjudicated not to have been subject to a taking because of the easement over the State's land, the State could not be bound by that adjudication, and consequently the judicial declaration of an easement was provisional at best and still subject to dispute by the owner of the servient tenement. And should the State dispute the existence and scope of the easement and prevail, then plaintiffs will indeed be left with no viable access and the taking question must be otherwise resolved.
In remanding to the trial court for joinder of the State in order to permit a complete adjudication of the easement question, we note that plaintiffs challenge the court's findings with respect to the status and character of the roads in question.[1] We find no merit in their argument. The findings were fully supported by the *642 record, and we defer to them. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974). Moreover, the court's choice of which expert to credit was entirely within its discretion. See, e.g., Balsamides v. Protameen Chemicals, 160 N.J. 352, 367-368, 734 A.2d 721 (1999); Borough of Wildwood Crest v. Smith, 235 N.J.Super. 404, 406, 563 A.2d 48 (App.Div.1988). The remand is thus not intended as an opportunity to relitigate the factual issues already decided except as the State's interest in the easement issue may be implicated. If the court adheres to its determination that plaintiffs have an adequate easement over State lands, it shall reaffirm its judgment dismissing the complaint. If it finds that there is no adequate easement, it then shall proceed to a trial on damages.
We remand for further proceedings consistent with this opinion.
NOTES
[1] In this regard we also reject plaintiffs' contention that the trial court abused its discretion in permitting the withdrawal of defendant's admissions pursuant to R. 4:22-2. In any event, we find no prejudice to plaintiffs in the withdrawal.